**FILED**
CLERK, U.S. DISTRICT COURT

Oct 21, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_PMC\_\_\_\_ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAWOCK,<br><br>  Plaintiff,<br><br>  v.<br><br>CSI ELECTRICAL CONTRACTORS, INC., et al.,<br><br>  Defendants. | Case No. 2:14-cv-06012 SVW-MAN<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND JUDGMENT |

**I.  Facts**

Richard Wawock sued his employer, CSI Electrical Contractors, in state court. Dkt. 17-1, First Am. Compl. The thrust of Wawock's suit is that CSI failed to pay him for attending training sessions, and it retaliated against him when he stop appearing at them. *Id.* at ¶¶ 13, 15. Wawock brought seven causes of action—six under California's Labor Code and the seventh pursuant to California's Business & Professions Code. *Id.* at ¶¶ 25 – 66.

CSI moved to compel arbitration pursuant to the applicable collective bargaining agreement. Dkt. 21-2, Ex. 1, Motion To Compel Arb. The state courts found "clear and

unmistakable" language committing the arbitrability determination to the arbitrators. Dkt. 21-3, Ex. 4, Tr. of State Court Hearing Regarding Arbitrability, 27; Dkt. 21-3, Ex. 5, Cal. Court of Appeal Opinion Denying Writ of Mandate, 39 – 40.

The parties then submitted their arbitrability dispute to the Labor Management Committee—the panel of arbitrators provided for by the CBA. *See* Dkt. 17-4, Richard Wawock's Submission to the LMC, 1 – 2. The arbitrability question hinged on Section 1.06 of the CBA, which provides:

> All grievances or questions in dispute shall be adjusted by the duly authorized representatives of each of the parties to this Agreement. In the event that these two are unable to adjust any matter within forty-eight (48) hours, they shall refer the same to the Labor-Management Committee.

Dkt. 17-2, Collective Bargaining Agreement, § 1.06.

Wawock's arguments to the Labor Management Committee largely mirror those in his motion for summary judgment. He emphasized that his complaint only alleged violations of California statutory law, not violations of the CBA. Dkt. 17-4, Richard Wawock's Submission to the LMC, 1. Therefore, he contended, Section 1.06 was not broad enough to encompass his statutory claims. *Id.* at 2. And,

> even if Section 1.06 could be construed to encompass Mr. Wawock's independent statutory claims (which it plainly cannot), every court that has addressed the issue, including the United States Supreme Court, has held that statutory claims are still not arbitrable unless the CBA explicitly incorporates or references the statutes at issue in the lawsuit in the lawsuit in the CBA itself.

*Id.* at 2 (citations and emphasis omitted).

CSI brought two additional points to the Labor Management Committee's attention. First, the CBA has extensive provisions for wages, hours, and working conditions. Dkt. 17-2,

Collective Bargaining Agreement, §§ 3.01 – 3.52.  Second, the Labor Management Committee has arbitrated wage and hour claims for twenty years.  Dkt. 21-3, Decl. of James Willson, ¶¶ 7 – 10.  CSI further contends that "the parties' historical practices interpreting the CBA are binding on the parties to the same extent as explicitly written terms would be."  Dkt. 21-1, CSI's Separate Statement of Disputed and Undisputed Facts, 17:7 – 10.  But referenced portions of the record do not support this proposition.

The Labor Management Committee "determined that the wage claims for time spent in training . . . are reasonably within the scope of and subject to the CBA and should be resolved by the grievance-arbitration process provided by the CBA."  Dkt 21-3, Ex. 7, Labor-Management Committee Letter.  The Committee later resolved all claims in favor CSI.  Dkt. 17-6, Arb. Decision.

**II.  Discussion**

Wawock claims the arbitrators manifestly disregarded the law when they found his claims arbitrable.  *See* 9 U.S.C. § 10(a)(4) (allowing for vacatur of awards rendered in excess of arbitrators' powers); *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 997 – 98 (9th Cir. 2003) (en banc) (permitting review for manifest disregard of the law under the Federal Arbitration Act).  To demonstrate manifest disregard, Wawock must show (1) the arbitrators recognized the applicable law and then ignored it; (2) the ignored law was "well defined, explicit, and clearly applicable."  *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 – 80 (9th Cir. 2007) (emphasis omitted).

**A.**

The inquiry's first prong deserves little discussion.  It is sufficient to show that "the arbitrator ignored [the applicable law] after it was brought to the arbitrator's attention in a way

that assures that the arbitrator knew its controlling nature." *GMS Grp., LLC v. Benderson*, 326 F.3d 75, 78 (2d Cir. 2003). Wawock brought the law to the Labor Management Committee's attention in his letter brief, which explained that a string of federal cases precluded arbitration of his statutory claims. And by deciding to arbitrate the claims without mention of Wawock's authority, the Labor Management Committee disregarded or ignored the law. Thus, "it is clear from the record that the arbitrators recognized the [allegedly] applicable law and then ignored it." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012).[1]

**B.**

At bottom, this case has always turned on a single question: whether *Wright v. Universal Maritime Services Corporation*, 525 U.S. 70 (1998), and its progeny set out a well defined, explicit, and clearly applicable rule preventing arbitration of Wawock's statutory claims.

In *Wright*, a longshoreman sued under the Americans with Disabilities Act. 525 U.S. at 72. The relevant arbtiration clause subjected "[m]atters under dispute" to a panel of labor and management representatives. *Id.* at 73. The Court began by parsing Wright's statutory rights from his contractual ones, as only the latter are subject to a presumption of arbitrability. *Id.* at 78 – 79. The Justices then enunciated *Wright*'s central rule: "Not only is petitioner's statutory claim not subject to a presumption of arbitrability; we think any CBA requirement to arbitrate it must be particularly clear." *Id.* at 79. Drawing upon precedent, the Court explained, "[w]e will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is explicitly stated. More succinctly, the waiver must be

---

[1] CSI argues that the Committee did not ignore the law because, "in accordance with federal law, the Labor-Management Committee interpreted the CBA and industry practice and expressly determined that 'the wage claims . . . are reasonably within the scope of and subject to the CBA and should be resolved by the grievance-arbitration process provided by the CBA.'" Dkt. 21, CSI's Opposition to Wawock's Motion for Partial Summary Judgment, 13:12 – 17. This argument collapses into the second element's analysis: if the Committee applied the correct law, then Wawock's contrary authority was not "well defined, explicit, and clearly applicable."

4

clear and unmistakable." *Id.* at 80 (quoting *Metropolitan Edison Co. v. NLRB*, 460 U.S. 693, 708 (1983)) (internal quotation marks omitted).  The unanimous Court concluded that the arbitration provision at issue was insufficiently explicit because it was "very general," it "contain[ed] no explicit incorporation of statutory antidiscrimination requirements," and the rest of the CBA failed to unmistakably incorporate the relevant statutory laws.  *Id.* at 80 – 81; *accord Bratten v. SSI Serv's, Inc.*, 185 F.3d 624 (6th Cir. 1999) (summarizing *Wright*'s holding similarly).

Within a year of *Wright*, courts reached "agreement that a statute must specifically be mentioned in a CBA for it to even approach *Wright*'s 'clear and unmistakable' standard." *Bratten*, 185 F.3d at 631.  In an unpublished opinion, the Ninth Circuit stated that it "will not interpret a CBA to waive an individual employee's right to litigate statutory . . . claims unless the CBA waiver 'explicit[ly] incorporat[es] . . . statutory . . . requirements.'" *Powell v. Anheuser-Busch Inc.*, 457 F. App'x 679, 680 (9th Cir. 2011) (quoting *Wright*, 525 U.S. at 80).  And other courts have echoed the sentiment.  *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 9 (1st Cir. 1999) ("Thus, in the present case, CBA Articles 5 & 6, neither of which explicitly mentions employee rights under the ADA or any other federal anti-discrimination statute, pose no bar to the instant action."); *Cavallaro v. Umass Memorial Healthcare, Inc.*, 678 F.3d 1, 7 n.7 (1st Cir. 2012) ("A broadly-worded arbitration clause . . . will not suffice; rather, something closer to specific enumeration of the statutory claims to be arbitrated is required."); *Rogers v. New York University*, 220 F.3d 73, 76 (2d Cir. 2000) ("Subsequent to *Wright*, . . . a waiver of statutorily conferred wrights contained in a CBA is sufficiently clear and unmistakable if either of two conditions is met.  First, a waiver is sufficiently explicit if the arbitration clause contains a provision whereby employees specifically agree to submit all federal causes of action arising out of their employment to arbitration. . . . Second, a waiver may be sufficiently clear and unmistakable when the CBA contains an explicit incorporation of the statutory anti-discrimination requirements in addition to a broad and general arbitration clause."), *abrogated on other grounds by 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009); *Carson v. Giant*

*Food, Inc.*, 175 F.3d 325, 331 (4th Cir. 1999) ("Broad, general language is not sufficient to meet the level of clarity required to effect a waiver in a CBA."); *Ibarra v. United Parcel Serv.*, 695 F.3d 354, 359 – 60 (5th Cir. 2012) ("[C]ourts have concluded that for a waiver of an employee's right to a judicial forum for statutory discrimination claims to be clear and unmistakable, the CBA must, at the very least, identify the specific statutes the agreement purports to incorporate or include an arbitration clause that explicitly refers to statutory claims."); *Martinez v. J. Fletcher Creamer & Son, Inc.*, No. CV 10-0968 PSG (FMOx), 2010 WL 3359372, at *4 (C.D. Cal. Aug. 13, 2010) ("As in *Wright*, the CBA in this case does not contain a clear and unmistakable waiver of Plaintiff's statutory claims because the CBA does not expressly reference any of the statutory provisions at issue.").

The instant arbitration provision makes no mention of statutory rights. It says "all grievances or questions in dispute" shall be arbitrated. That is the kind of broad provision that lacks the specificity to waive access to a judicial forum. It may be counterintuitive for "all claims" not to mean all claims. Alas, that is what the law is: without explicit reference to statutory rights, "all claims" does not encompass the rights embodied in legislation.[2]

CSI contends that the issue is not so simple, so *Wright*'s rule is not clearly applicable in this case. First, it argues that the instant agreement is broad enough to explicitly waive access to a judicial forum, unlike *Wright* and its progeny. Second, CSI says the instant CBA is an open-ended agreement, interpreted through twenty years of practice, which renders the waiver clear and unmistakable.

In *Wright*, the CBA provided for arbitration of "matters under dispute," which "could be understood to mean matters in dispute under the contract." 525 U.S. at 80. CSI contends that

---

[2] The fact that CBA has extensive wage and hour provisions is irrelevant: "To the extent the CBA 'mirrors' the relevant statutory requirements . . . mere parallelism with the statutes does not constitute an express waiver of Plaintiff's statutory rights." *Martinez*, 2010 WL 3359372, at *4.

6

"*[a]ll* grievances or questions in dispute" is not similarly ambiguous. Dkt. 21, CSI's Opposition to Wawock's Motion for Partial Summary Judgment, 17:4 – 9. But the defect in *Wright*'s arbitration provision was not the absence of the word "all." Rather, the problem was that the "arbitration clause [was] very general." 525 U.S. at 80. "All" does not make the CBA explicit—if anything, it exacerbates its generality. And the court "will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.'" *Id.* (quoting *Metropolitan Edison Co.*, 460 U.S. at 708).[3]

*Meyer v. Irwin Industries* is illustrative. 723 F. Supp. 2d 1237 (C.D. Cal. 2010). That case involved a similarly broad arbitration clause, which included "any controversy, dispute or disagreement aris[ing] during the term of this Agreement." *Id.* at 1247. The court compared this clause to the one found in *14 Penn Plaza*, which read:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any other characteristic provided by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code, . . . or any other similar laws, rules, or regulations. All such claims shall be subject to the grievance and arbitration procedures (Articles V and VI) as the sole and exclusive remedy for violations.

556 U.S. at 252. In the context of nearly identical statutory claims, the *Meyer* court had no trouble finding that "any controversy, dispute, or disagreement" was too general. 723 F. Supp. 2d at 1247 ("Thus, compared to *14 Penn Plaza*, the CBA here does not clearly or unmistakably require arbitration of Plaintiff's [California Labor Code and Business & Professions Code] claims."). Likewise, "all grievances or questions in dispute" is not an explicit waiver.

---

[3] CSI submits that this interpretation forces parties to use "magic words." Dkt. 21, CSI's Opposition to Wawock's Motion for Partial Summary Judgment, 16:2 – 3. The Court makes no such lexicographic judgment; rather the law requires some explicit reference to the relevant statutes.

7

1  CSI also attempts to distinguish the current case based on the Labor Management
2  Committee's history and practice of arbitrating similar wage and hour disputes, which CSI
3  claims is incorporated into the CBA.  First, the Court finds no evidence that history and practice
4  is explicitly incorporated into the CBA—the record only mentions the history and practice itself.
5  Second, even if it were incorporated, the parties' history and practice is not an *explicit* waiver.
6  The very case cited by CSI proves the point: "the industrial common law . . . is equally part of
7  the collective bargaining agreement *although not expressed in it.*"  *Hawaii Teamsters and Allied*
8  *Workers Union, Local 996 v. United Parcel Service*, 241 F.3d 1177, 1181 (9th Cir. 2001)
9  (emphasis added).  Since history and practice are not expressed in the CBA, they cannot function
10 as the explicit waiver demanded by *Wright*.

12 In sum, there was a clear rule: statutory claims are arbitrable only if a CBA makes
13 explicit reference to them.  Here, the CBA did not make such a reference.  The Court therefore
14 has no choice but to conclude the Labor Management Committee manifestly disregarded the law,
15 exceeded its power by arbitrating Wawock's claims, and, thus, rendered an award that must be
16 vacated.  *See* 9 U.S.C. § 10.

**C.**

20 Wawock also asks for declaratory relief.  He requests two declarations: first, "a judgment
21 declaring that the CBA's grievance and arbitration procedure must explicitly incorporate or
22 reference the statutes at issue in Plaintiff's Superior Court lawsuit in order to satisfy the 'clear
23 and unmistakable' standard"; second, "a judgment declaring that Plaintiff cannot be compelled
24 to arbitrate his statutory claims alleged in the Superior Court lawsuit unless the 'clear and
25 unmistakable' standard is satisfied." Dkt. 1, Compl., 1:15 – 21.

27 But "[d]eclaratory relief should be denied when it will neither aid in clarifying and
28 settling legal relations in issue nor terminate the proceedings and afford the parties relief from

the uncertainty and controversy they faced." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1112 (9th Cir. 1987). By vacating the arbitration award, the Court has given Wawock the primary relief he sought. It leaves no uncertainty that his statutory claims were not arbitrable under the CBA—indeed, the Court finds that the Labor Management Committee manifestly disregarded the law by finding they were. Since the Court resolved the issue, there is no utility in restating the Court's disposition of the case in the form of declaratory judgment. *See Lewis v. Trans Union, LLC*, No. 1:13-CV-0029-LJO-BAM, 2013 WL 1680639, at *5 (E.D. Cal. Apr. 17, 2013) (denying declaratory relief where it "is unnecessary and duplicative of [plaintiff's] claim for violation of the" relevant statute).

**III. Conclusion**

The Court therefore GRANTS IN PART and DENIES IN PART Plaintiff's motion for partial summary judgment. Specifically, the Court VACATES the arbitration award because the Labor Management Committee manifestly disregarded the law in determining that Plaintiff's statutory claims were arbitrable. The Court, however, DENIES Plaintiff's request for declaratory judgment.

IT IS SO ORDERED.

Dated: October 20, 2014

STEPHEN V. WILSON
United States District Judge